LAW OFFICES
## HONIG & GREENBERG, L.L.C.
1949 BERLIN ROAD
SUITE 200
CHERRY HILL, NEW JERSEY 08003-3737

Murray Honig
Adam D. Greenberg ±
Helene B. Raush ±
± Also Admitted in Pennsylvania

(856) 770-0990
Fax: (856) 770-8511
AGREENBERG@HGLLCLAW.COM

July 5, 2016

Hon. Jerrold N. Poslusny, Jr., U.S.B.J.
United States Bankruptcy Court
Mitchell Cohen Federal Court House
One John F. Gerry Plaza
401 Market Street
Camden, New Jersey 08101

In Re:    Roman P. Osadchuk v. Vasyl Kavatsiuk
          Chapter Seven Case 15-30225-jnp
          Adv. Proc. 16-1235-jnp

Dear Judge Poslusny,

This office represents Vasyl Kavatsiuk relative to the above matter. Kindly accept this letter in lieu of a more formal objection to the application for admission pro hac vice for Paul A.R. Stewart, Esq.

As previously pointed out to the Court, Mr. Stewart is not a disinterested party as required by the Code. He and his Firm have represented not only the individual debtor pre-petition[1] and post-petition, but have also represented the L.L.C. that was/is owned by the Debtor as well. Compounding the potential conflicts, Mr. Stewart had previously advised the Court that the Debtor had

---

[1] No disclosure is given for pre-petition services or billings.

1

attempted to convey a one-half interest in the L.L.C. post-petition to his son, Roman Osadchuk II. Notably, Mr. Stewart and his Firm also represented the son at the same time. Given that the Debtor was prohibited from transferring property of the estate to anyone, the fact that he attempted such a conveyance to another client of the same Law Firm, while also represented by that same law firm, is troubling.

Adding to the concerns, Mr. Stewart represented the Debtor in another New Jersey lawsuit[2] without having been admitted pro hac vice in that matter, contrary to R.P.C. 5.5(a)(1) ("a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.").

It also warrants noting that Mr. Stewart was co-counsel with Mr. Pappas in In re Wevodau in the Eastern District of Pennsylvania, where Mr. Pappas was using Mr. Stewart's ECF log in password to electronically file pleadings. That Court issued an order prohibiting Mr. Pappas' participation in any bankruptcy proceeding anywhere he was licensed until certain conditions were met. Given that Mr. Stewart was counsel of record in that case, unquestionably he too knew that Mr. Pappas was ineligible to practice bankruptcy law in New Jersey as well. That, however, did not stop Mr. Stewart from assisting with Mr. Pappas' handling of this matter and the L.L.C.

---

2 Customers Bank v. Charles Stanfa and Roman Osadchuk, CAM-L-600-12.

case in violation of that federal court order.

The application for admission pro hac vice should be denied.

>Most respectfully yours,
>HONIG & GREENBERG, L.L.C.
>
>/s/ Adam D. Greenberg
>
>By: Adam D. Greenberg

ADG:st